UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-288-FDW

| | | |
|---|---|---|
| GERALD WHITESIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SUSAN WHITE, | ) | |
| WILLIAM REED, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3). See 28 U.S.C. § 1915(e). Plaintiff has been granted in forma pauperis status. (Doc. No. 7).

## I.    BACKGROUND

Pro se Plaintiff Gerald Whiteside, a North Carolina inmate incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on August 26, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants: (1) Susan White, Superintendent of Mountain View; and (2) William Reed, a correctional officer at Mountain View at all relevant times. Plaintiff alleges the following in the Complaint:

> On 9-3-13 at approx. 2040 HRS, I was involved in a physical altercation with [another inmate]. After being sprayed by 3 correctional officers and pinned by the spray to the railing beneath the stairs. [The other inmate] was standing and pulled away to the right. While I was on my knees at this time, CO Reed then used excessive force by applying a choke hold (mandibular angle) pulling me to my left and slamming me face first to the ground using enough force to break both bones in my left ankle. The pain was severe and caused me to ask to be cuffed in the front to stop the pain and feeling of getting sick. This wanton infliction of pain was totally unnecessary and unjust due to the fact that I was

1

> already subdued and on my knees. The confrontation was clearly over after being sprayed. Therefore the above action violated my 8th Amendment rights against cruel and unusual punishment. Security footage should show that this action was abusive and unjust. This action was meant more to cause harm rather than restore or keep order . . . . Mountain View Correctional Inst. has a policy and/or custom of using excessive force against its inmates. As a result of this policy and/or custom I received a plate and 9-13 screws to repair the damages to my ankle; and now have limited mobility constant swelling and numbness and pain in my ankle.

(Doc. No. 1 at 3-4). Based on the above factual allegations, Plaintiff alleges that Defendant Reed used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights. Plaintiff seeks a declaratory judgment as well as compensatory and punitive damages. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As noted, Plaintiff purports to bring an Eighth Amendment claim against both Defendants White and Reed based on Reed's alleged use of excessive force against Plaintiff at Mountain View on September 3, 2013. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court first finds that, as to Defendant White, Plaintiff does not allege any personal involvement by White. White cannot be held liable for the alleged acts of Defendant Reed because liability under § 1983 cannot be based on respondeat superior. See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Therefore, Defendant White will be dismissed as a Defendant.

Next, as to Defendant Reed, taking Plaintiff's allegations as true for the purposes of initial review, the Court finds that Plaintiff states a claim of excessive force against Defendant Reed in that Plaintiff's allegations are not clearly frivolous.

Finally, as to Plaintiff's motion to appoint counsel, Plaintiff states, among other things, that he is incarcerated, has limited knowledge of the law and no access to a law library, that the issues involved in this case are complex, and that he has sought the assistance of counsel to no avail. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## IV.   CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, as to Defendant Reed, but Defendant White is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review as to Defendant Reed, but the Court dismisses White as a Defendant.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**.

3. The Clerk shall send Plaintiff a summons form to fill out so that service may be made on Defendant Reed. Once the Court receives the summons, the U.S. Marshal shall effectuate service on Defendant Reed at the address provided by Plaintiff.

Frank D. Whitney
Chief United States District Judge